UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE


United States of America

    v.                    Civil No. 09-cr-00183-JL

Guo Qiao Lin


**SUMMARY ORDER**

The defendant's motion in limine regarding the defendant's oral statements to ICE agents (document no. 32) is granted in part.

**Agent Hsieh's testimony**.  To the extent that the United States Attorney intends to have ICE Agent Hsieh translate the defendant's Mandarin statements into English, that proffered testimony comes under the ambit of Federal Rule of Evidence 702. Agent Hsieh's "specialized knowledge" of the Mandarin language would "assist the trier of fact to understand the evidence," namely, the defendant's statements made in that language.  Fed. R. Evid. 702.[1]  There is no question that Agent Hsieh's translation of the defendant's statements to English would require specialized knowledge and skill to understand the

---

[1] This assumes, of course, that after a voir dire examination of Agent Hsieh, the court would have determined that he is "qualified as an expert by knowledge, skill, experience, training, or education, . . . ."  Id.

defendant's statement, choose English words in translation, and translate those words in English to, and for, the jury. Because the prosecution did not make the required comprehensive disclosure regarding Agent Hsieh's testimony under Federal Rule of Criminal Procedure 16(a)(1)(G) (a summary of the testimony, the underlying bases and reasons, and Hsieh's qualifications), the court rules that the prosecution may not introduce Agent Hsieh's English translation of the defendant's statements. Fed. R. Crim. P. 16(d)(2)(C).

As an alternative, the prosecution has proffered Agent Hsieh's testimony in the Mandarin language, subject to translation by a certified court interpreter. In this way, Agent Hsieh's Mandarin-language account of the defendant's statements would constitute the testimony of a percipient witness, rather than a percipient witness who is also providing testimony "in the form of an opinion <u>or otherwise</u>" based on "specialized knowledge" derived from "knowledge, skill, experience, training, or education" under Rule of Evidence 702. The court will permit Agent Hsieh to testify in the Mandarin language, subject to translation by a qualified interpreter under Federal Rules of Evidence 604 and 702.

Although the defendant argues that this percipient testimony should also be barred based on an alleged failure by the

prosecution to comply with Federal Rule of Criminal Procedure 16(a)(1)(A)'s requirement that the defendant's oral statements be disclosed upon request, that argument is rejected.  The report prepared by Agent Lenzi, based on Agent Hsieh's contemporaneous translated account of the defendant's statements, sufficiently described "the substance" of those statements and therefore satisfied Rule 16(a)(1)(A).  See, e.g., United States v. Hernandez-Muniz, 170 F.3d 1007, 1010 (10th Cir. 1999); United States v. Gonzalez, 967 F.2d 1032, 1035-36 (5th Cir. 1996); 25 Moore's Federal Practice § 616.03[4][b], at 616-39 (3d ed. 2009).

    Nevertheless, in an abundance of caution and to mitigate any prejudice allegedly suffered by the defendant, this court orders the United States Attorney to provide to the defendant a Mandarin version of the defendant's oral statements, either in writing or through an interview conducted by defense counsel with the aid of an interpreter.  That Mandarin version must be provided no later than the day prior to Agent Hsieh's testimony.

    **Specific statements**.  Finally, this court denies the defendant's request to exclude certain portions of the defendant's statement as irrelevant and unfairly prejudicial under Fed. R. Evid. 402 and 403.  Those portions of the defendant's statement are relevant to whether he knowingly trafficked in counterfeit goods, and their probative value is not

substantially outweighed by the danger of unfair prejudice.  The issues that defense counsel raised in his motion may, however, be explored on cross-examination of Agent Hsieh.

A more detailed order analyzing the arguments advanced by the United States Attorney and the defendant will follow.  This summary order is issued in advance of trial to enable counsel to make opening statements with as complete an understanding as possible as to what evidence will be admissible at trial.

**SO ORDERED.**

_____
Joseph N. Laplante
United States District Judge

Dated:  April 7, 2010

cc:  Mark S. Zuckerman, AUSA
     Mark E. Howard, Esq.